# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## BEAUMONT DIVISION

| | | |
|---|---|---|
| CYNTHIA SCHRADER | : | CIVIL ACTION NO_____ |
| | : | |
| VERSUS | : | |
| | : | |
| DELTA DOWNS CASINO and HOTEL | : | |
| a/k/a  BOYD RACING, L.L.C., and | : | |
| MICHAEL SHANE GILPATRICK | : | |

## REMOVAL PETITION

PETITIONERS, DELTA DOWNS CASINO and HOTEL a/k/a BOYD RACING, L.L.C. and Its Employee, MICHAEL SHANE GILPATRICK, the defendants above named, appearing herein through their undersigned counsel; at all times pertinent hereto specifically reserving their right to contest jurisdiction, service of process, venue, and any and all other material defects contained in the removed action, respectfully represent the following:

I.

A civil action was filed on July 16, 2010, and is now pending in the 128th Judicial District Court for the County of Orange, State of Texas, wherein Plaintiff **CYNTHIA SCHRADER** alleges she is a resident of the State of Texas, County of Orange. Named as defendants are **DELTA DOWNS CASINO and HOTEL a/k/a BOYD RACING, L.L.C.,** is a Louisiana Limited Liability Company with its principal place of business in Vinton, Louisiana, and **MICHAEL SHANE GILPATRICK,** a resident of Calcasieu Parish, Louisiana, hereinafter sometimes designated as "the removing defendants." Also named as a defendant is **ROBERT DUPUIS,** but it is the contention of the Removing Defendants that Mr. Dupuis cannot possibly be liable to the Plaintiffs on the grounds set forth in the state court action, and therefore he is a fraudulently

joined defendant in place solely to prevent the jurisdiction of this Honorable Court from attaching pursuant to 28 U.S.C.A. 1332 and 28 U.S.C.A. 1441, *et seq.* This civil action, which is designated as Docket Number A-100376-C on the docket of the state court, is hereinafter sometimes referred as to "the state court action" or "the removed action."

## II.

The state court action was served on the Removing Defendants on July 29, 2010. The Removing Defendants answered and denied the allegations of the Plaintiff's suit and invoked state procedure to obtain discovery, specifically by filing a Request for Disclosure. When Plaintiffs failed to establish evidence in support of their allegations Defendants followed up by filing a Motion for No Evidence Summary Judgment to remove Mr. DuPuis as a defendant and thus preserve this Court's diversity jurisdiction on January 11, 2011 as provided by Texas law. The Motion was set for hearing immediately, but was reset three times and postponed each time, once on the motion of Plaintiffs, once on the motion of Defendants due to illness of their counsel. Plaintiffs have never responded to the Motion with evidence in support of their contentions of Dupuis' liability, nor have they responded to repeated requests to furnish such evidence. Instead, the Plaintiff has engaged in delay and dilatory tactics seeking to postpone the said Motion beyond the one-year period provided for removal to this Honorable Court by 28 U.S.C.A. 1446 (b) and thus to frustrate the exercise of this Court's jurisdiction. Finally, Plaintiff has now filed attached Motion to Continue Hearing. Removing Defendants contest the factual allegations set forth therein but the motive for its filing is clear when considered in connection with the attached correspondence marked as Exhibits A-E.

## III.

Based on the conduct of Plaintiff in this case, specifically in taking steps to delay the progress of the state court action to judgment on the Motion for No Evidence Summary Judgment; and particularly, by announcing Plaintif's intent to postpone said hearing beyond the date specified by 28 U.S.C.A. 1446(b) in a series of correspondence between counsel dated May

25, 2011, and in the Plaintiff's Motion to Continue filed on May 27, 2011, it is clear beyond question as of that date that Defendant Robert Dupuis was fraudulently joined for purposes of defeating this Honorable Court's jurisdiction, and, thus, the time period set forth by Federal law for the filing of this Petition has not expired.

IV.

Subject to their right to contest jurisdiction, venue, service of process, the failure of the removed action to state a claim for relief cognizable by law, and any and all other material defects contained therein, the removing defendants desire to exercise their rights under the provisions of Title 28 U.S.C. § 1441 *et seq.*, to remove this action from the said state court to this Honorable Court.

V.

This is an action of a civil nature within the original jurisdiction of this Honorable Court pursuant to the provisions of 28 U.S.C. 1332. Plaintiff Broussard alleges her entitlement to damages which are, on the face of her Complaint, in excess of the jurisdictional limits of this Honorable Court; and there is complete diversity of citizenship among the parties. Therefore, this Action is removable under the provisions of 28 U.S.C. 1441 (a).

VI.

These removing defendants show that the Complaint as a whole discloses a claim for damages in excess of the jurisdictional limits of this Honorable Court. *Alma Torreblanca De Aguilar, et al v. Boeing Company, et al.,* 47 F.3d 1404.

VII.

The time within which this action must be removed to this Honorable Court for reasons set forth in paragraph II above has not expired.

VIII.

A copy of all pleadings, process and orders served upon the Removing Defendants in the said state court action is filed herewith.

IX.

This suit is removable to this Court, under and by virtue of Acts of the Congress of the United States, and defendants are desirous of removing said cause to this Court.

**WHEREFORE, DELTA DOWNS CASINO and HOTEL a/k/a BOYD RACING, L.L.C. and Its Employee, MICHAEL SHANE GILPATRICK, PRAY** that the said state court action bearing Docket Number A-100376-C on the docket of the 128TH Judicial District Court for the County of Orange, State of Texas, be removed from said state court to this Court and that, subject to the removing defendants right to contest jurisdiction, service of process, venue, and the merits of the removed action, that this Court find this Removal Petition proper under the provisions of 28 U.S.C. 1441, and that the action be placed on the civil docket of this Court for further proceedings, as though it had originally been instituted in this Court.

Lake Charles, LA, this 31st day of May, 2011.

Respectfully Submitted,

**LAW OFFICES OF JAMES B. DOYLE, APLC.**

BY:   /S/ JAMES B. DOYLE
       **JAMES B. DOYLE (TX Bar No. 06092500)**
       501 Broad Street
       P.O. Box 2142
       Lake Charles, LA 70602-2142
       Telephone:  (337) 433-5999
       Facsimile:  (337) 433-5990

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by depositing a copy of same in the United States Mail, properly addressed and postage prepaid.

Lake Charles, this 31ST day of May, 2011.

_____/S/ JAMES B. DOYLE_____
**JAMES B. DOYLE**